IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN MAINGUTH, | : | No. 4:05-CV-00256 |
| Plaintiff, | : | |
| | : | (Judge McClure) |
| v. | : | |
| SHAWN PACKARD and BOROUGH OF RENOVO, | : | |
| Defendants. | : | |

**O R D E R**

April 27, 2006

**BACKGROUND:**

Plaintiff Stephen Mainguth initiated this civil rights action with the filing of a complaint on February 4, 2005. Named as defendants are Shawn Packard, a police officer for the Borough of Renovo, Pennsylvania, and the Borough of Renovo itself. The parties have since stipulated to the dismissal, with prejudice, of any and all claims against the Borough of Renovo. (See Rec. Doc. No. 15.)

The complaint alleges a disturbing set of facts that took place on September 16, 2003. Mainguth alleges that while he was traveling on his motorcycle, Packard struck him from behind with his police cruiser. According to the complaint, the contact caused Mainguth's motorcycle to spin out of control and flip over. Mainguth further alleges that while he was trapped underneath his motorcycle,

Packard pummeled him with his fists and eventually pepper sprayed him when he attempted to escape the beating.

Mainguth has asserted a number of claims against Packard, including a section 1983 claim for violations of the Fourth and Fourteenth Amendments to the United States Constitution, and claims for assault and malicious prosecution under Pennsylvania law.

Packard has now moved for partial summary judgment, arguing that he is entitled to judgment as a matter of law on the Fourteenth Amendment substantive due process claim for property damage to the motorcycle. In his motion, Packard also moves for summary judgment on the state law malicious prosecution claim and Mainguth's claim for damages arising out of his incarceration following the revocation of his parole.[1]

The motion has been fully briefed by the parties in compliance with the Local Rules, and is now ripe for our decision. For the following reasons, we will deny defendant Packard's motion for partial summary judgment.

---

[1] As plaintiff points out, defendant did not brief his argument regarding the state law malicious prosecution claim. We will accordingly deny the motion for partial summary judgment on that claim.

**DISCUSSION:**

## I. Legal Standard

A district court may properly grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The plain language of the rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A genuine issue of material fact is one that may reasonably be resolved in favor of either party. Id.

In determining whether there is a disputed issue of material fact, the court will draw all reasonable inferences and any ambiguities in favor of the nonmoving party.

Am. Flint Glass Workers Union v. Beaumont Glass Co., 62 F.3d 574, 578 (3d Cir. 1995) (citation omitted).

**II.  Mainguth's Fourteenth Amendment Substantive Due Process Claim**

Mainguth argues that Packard violated the Due Process Clause of the Fourteenth Amendment[2] by causing property damage to Mainguth's motorcycle. Section 1983 enables Mainguth to institute an action to vindicate his civil rights.

Section 1983 does not create substantive rights, but rather provides a remedy for the violation of rights created by federal law. Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). The statute provides for a cause of action against persons who, acting under color of state law, deprive another individual of any rights, privileges, or immunities secured by the Constitution. 42 U.S.C. § 1983. In order for a plaintiff to prevail under Section 1983, he must establish two elements: (1) that the defendants were "state actors," and (2) that they deprived the plaintiff of a federal right. See Groman, 47 F.3d at 633.

A substantive due process analysis under § 1983 involves a three-step process: (1) state action; (2) the existence of a protected property interest; and (3)

---

[2] The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV.

4

executive action that can be characterized as arbitrary, or conscience shocking, in a constitutional sense. See, e.g., Holt Cargo Sys., Inc. v. Delaware River Port Auth., 20 F. Supp. 2d 803, 829 (E.D. Pa. 1998) (setting out three-part test); see also County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998) (discussing arbitrary or conscience shocking action); Acierno v. Cloutier, 40 F.3d 597, 616 (3d Cir. 1994) ("When complaining of a violation of substantive due process rights, a plaintiff must prove that the governmental authority acted to 'infringe a property interest encompassed by the Fourteenth Amendment.'")

As regards the state action requirement, there is no dispute regarding Packard's status as a state actor. During the events in question, Packard was an on-duty policeman acting on behalf of the Borough of Renovo.

There is also no dispute as to the second factor, the existence of a protected property interest. The United States Court of Appeals for the Third Circuit has held that "ownership is a property interest worthy of substantive due process protection." Indep. Enterprises Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1180 (3d Cir. 1997) (quotation omitted). Mainguth owned the motorcycle that was allegedly damaged by Packard.

What the parties do dispute, however, is whether Packard's action can be properly characterized as conscience shocking. The Supreme Court of the United

States has observed that "the core of the concept" of due process is "protection against arbitrary action" and that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 399 (3d Cir. 2003) (quoting Lewis, 523 U.S. at 845-46).  "[T]he substantive component of the Due Process Clause is violated by executive action only when it 'can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense.'" Lewis, 523 U.S. at 847 (quoting Collins v. Harker Heights, 503 U.S. 115, 128 (1992)).

In this case, Mainguth alleges that he was struck from behind by Packard's police cruiser while riding his motorcycle.  Packard responds that his actions constituted "carelessness" or "mere negligent conduct."  (See Rec. Doc. No. 22, at 6.)  Packard states that "Plaintiff cannot point to any facts of record establishing the requisite 'conscience shocking conduct' with respect to the motorcycle accident to state as [sic] cognizable Fourteenth Amendment due process claim."  (Id. at 8.)  However, at her deposition, witness Jessica Stroup-Kelley testified that she "observed the Renovo police car with its headlights on but no emergency lights on run into the back of a motorcycle."  (Dep. of Jessica Stroup-Kelley, Rec. Doc. No. 29, Ex. 2, at 4, Deposition Page 25.)

If defendant Packard intentionally struck Mainguth's motorcycle, his actions

could very well shock the conscience.  Drawing all reasonable inferences and any ambiguities in favor of the nonmoving party, as we must, we find that genuine issues of material fact preclude the grant of summary judgment on this claim.  A jury may well credit the combined testimony of Mainguth and Stroup-Kelley and find that Packard intentionally struck the motorcycle, an act that could be found to shock the conscience.  We will therefore deny defendant's motion for summary judgment on the Fourteenth Amendment substantive due process claim.

## II.  Mainguth's Claim For Damages Arising Out Of His Incarceration

Mainguth has also lodged a claim for lost wages incurred during the period of his incarceration.  This claim is brought in tandem with the state law claim for malicious prosecution, alleging that Packard filed baseless charges against Mainguth.

On the date of the incident, September 16, 2003, plaintiff was on parole for prior alcohol-related offenses.  The conditions of his parole included mandates that he was to comply with all municipal, county, state and federal criminal laws, and to abstain from any consumption of alcohol.  As a result of the charges filed against plaintiff by Packard (driving under the influence, careless driving, reckless driving, resisting arrest, and escape), plaintiff's parole was revoked and plaintiff was ordered incarcerated until April 28, 2004.

Defendant argues that he is entitled to summary judgment on the damages claim because it was plaintiff's parole officer, and not Officer Packard, who issued the parole detainer against plaintiff. However, it is plaintiff's contention that Packard falsified the charges upon which the detainer was based. The Third Circuit has recognized "the well-settled principle that, in situations in which a judicial officer or other independent intermediary applies the correct governing law and procedures but reaches an erroneous conclusion because he or she is misled in some manner as to the relevant facts, the causal chain is not broken and liability may be imposed upon those involved in making the misrepresentations or omissions." Egervary v. Young, 366 F.3d 238, 250 (3d Cir. 2004) (citations omitted).

Mainguth admits that he consumed two beers before his altercation with Packard, but denies that alcohol contributed to the incident. It is not clear from the record whether Mainguth's parole was revoked because he admitted to consuming alcohol, or because of the charges filed by Packard.

The parties contest the exact events of September 16, 2003. If the jury credits plaintiff's version of events, Packard's affidavit of probable cause may be considered to be a "misrepresentation." If it were found that Packard's false affidavit of probable cause provided the foundation for the revocation of

Mainguth's parole, it is possible that Packard could be found liable to Mainguth for lost wages.

Genuine issues of material fact preclude the grant of defendant's motion for summary judgment.

**CONCLUSION:**

Genuine issues of material fact exist regarding the Fourteenth Amendment substantive due process claim for damage to Mainguth's motorcycle, as well as Mainguth's claim for damages stemming from his incarceration after the revocation of his parole.  We will therefore deny defendant's motion for partial summary judgment.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Defendant Shawn Packard's Motion For Partial Summary Judgment is denied.  (Rec. Doc. No. 16.)

   s/ James F. McClure, Jr.   
James F. McClure, Jr.
United States District Judge
