UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN MAINGUTH, : | |
| : | |
| Plaintiff, : | No. 4:05-CV-0256 |
| : | |
| v. : | (Judge McClure) |
| : | |
| SHAWN PACKARD and : | |
| BOROUGH OF RENOVO, : | |
| : | |
| Defendants. : | |

**O R D E R**

May 23, 2006

**BACKGROUND:**

Stephen Mainguth initiated this civil action against defendants Shawn Packard and the Borough of Renovo on February 7, 2005. In his complaint, Mainguth alleges violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. On February 17, 2006, defendant Packard moved for partial summary judgment. By order dated April 27, 2006, we denied Packard's motion for partial summary judgment.[1]

---

[1](See Order Dated April 27, 2006, Rec. Doc. No. 33, for a more complete discussion of the facts of this case.)

On May 16, 2006, Packard filed a motion for reconsideration and brief in support regarding our denial of his motion for partial summary judgment on the claim for damages arising out of Mainguth's incarceration following the revocation of his parole. (Rec. Doc. Nos. 40 & 41.) Attached to the motion is the court order revoking Mainguth's parole, due to Mainguth's admission "that he did consume alcoholic beverages on September 16, 2003." (Rec. Doc. No. 40, at 4.) This document was not included in Packard's motion for partial summary judgment due to an oversight.

We directed the plaintiff to expedite their filing of any opposition to the motion for reconsideration. In compliance with our order, plaintiff filed an opposition on May 22, 2006. The matter is now ripe for our review, and for the following reasons we will (1) grant the motion for reconsideration, (2) vacate that portion of our April 27, 2006 order denying defendant's motion for partial summary judgment on plaintiff's claim for damages arising out of his incarceration following revocation of his parole, and (3) grant defendant's motion for partial summary judgment in part, consistent with this order.

**DISCUSSION:**

**I. Legal Standard For Reconsideration Of An Interlocutory Order**

As defendant Packard has recognized, this court recently set forth the

standard for reconsideration of the denial of a motion for summary judgment. See Crawford v. Pennsylvania, No. 1:03-CV-00693, 2006 WL 148881, at *2-3 (M.D. Pa. Jan. 19, 2006) (McClure, J.). We reiterate that standard here.

The denial of a motion for summary judgment is an interlocutory order. Bines v. Kulaylat, 215 F.3d 381, 384 (3d Cir. 2000). A district court retaining jurisdiction over a case "possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." Mohammad v. Kelchner, No. 03-CV-1134, 2005 WL 1138468, at *2 (M.D. Pa. Apr. 27, 2005) (Munley, J.) (quoting United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973)); see also Johnson v. Bensalem Twp., 609 F. Supp. 1340, 1341 (E.D. Pa. 1985) (Pollak, J.) (same); A & H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc. No. Civ.A. 94-7408, 2001 WL 881718, at *1 (E.D. Pa. 2001) (Van Antwerpen, J.) (same). Furthermore, because the court's prior order did not dispose of every claim before the court, it is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties." Mohammad, 2005 WL 1138468, at *2 (quoting Fed. R. Civ. P. 54(b)); see also In re Eagle Enters., Inc., 259 B.R. 73, 77 (E.D. Pa. 2001) (noting availability of Rule 54(b) motion to reconsider an interlocutory order).

Although formally Rule 59 does not govern this motion, which is for

reconsideration of an interlocutory order, "[c]ourts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Fed. R. Civ. P. 59(e)." A & H Sportswear, 2001 WL 881718, at *1.  As both parties are aware, in order to be entitled to relief under Rule 59(e) the "party seeking reconsideration must establish at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Mack's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1184, 1218 (3d Cir. 1995)).

Defendant Packard advances his argument under the third prong, asserting that reconsideration of our April 27, 2006 order is necessary to correct factual errors and to prevent manifest injustice.

## II.  Analysis

Plaintiff has lodged a claim for lost wages incurred during the period of his incarceration following the revocation of his parole after the September 16, 2003 incident.  This claim is brought in tandem with plaintiff's state law claim for malicious prosecution, alleging that Packard filed baseless charges against Mainguth.

On the date of the incident, plaintiff was on parole for prior alcohol-related offenses. The conditions of his parole included mandates that he was to comply with all municipal, county, state and federal criminal laws, and to abstain from any consumption of alcohol. Plaintiff admits that he consumed two beers before his altercation with defendant Packard, in violation of the conditions of his parole. (See Dep. Of Stephen Mainguth, Rec. Doc. No. 21, Ex. G, at 8.)

In our denial of defendant's motion for partial summary judgment, we placed great emphasis on the fact that the record before the court was unclear as to whether Mainguth's parole was revoked due to the allegedly false charges filed by Packard, or because Mainguth admitted to violating the conditions of his parole by consuming alcoholic beverages on the night of the incident. The unclear state of the record created a genuine issue of material fact regarding the reason for the revocation of Mainguth's parole. We noted:

> If the jury credits plaintiff's version of events, Packard's affidavit of probable cause may be considered to be a 'misrepresentation.' If it were found that Packard's false affidavit of probable cause provided the foundation for the revocation of Mainguth's parole, it is possible that Packard could be found liable to Mainguth for lost wages.

(Rec. Doc. No. 33, at 8.)

Defendant Packard has now submitted the order of the Court of Common

Pleas of Clinton County, which revoked plaintiff's parole. A copy of the order was not included with defendant's motion for partial summary judgment due to an oversight. The order states in full:

> The matter before the Court this date is on Petition for Parole Revocation filed by the Clinton County Adult Probation Department. The Defendant is present with counsel and has admitted to violation of parole Condition 10C in that he did consume alcoholic beverages on September 16, 2003.
> Accordingly, IT IS HEREBY ORDERED that Defendant's parole be revoked and that he be returned to the Clinton County Correctional Facility to serve the balance of his sentence.

(Rec. Doc. No. 40, Ex. 1) (emphasis added). This document makes clear that Mainguth's parole was revoked because he admitted to consuming alcoholic beverages, and not because of the various other charges filed by Packard.

Nevertheless, plaintiff argues:

> the revocation of his parole was a direct result of the false report that was made by defendant Packard. Defendant Packard had no reason to stop the plaintiff's motorcycle and if not for the accident that was caused by the defendant, the defendant would not otherwise have filed a false report concerning the plaintiff. . . . If it was not for the actions of the defendant, in filing a false report, the plaintiff would not have been picked up on a parole violation."

(Rec. Doc. No. 43, at 4.) Plaintiff's argument is unavailing. There are genuine

issues of material fact as to whether the affidavit of probable cause and resulting charges filed by Packard are truthful.  The parties dispute what actually happened on the night of September 16, 2003.  However, it is <u>not</u> disputed that (1) Mainguth was on parole on September 16, 2003; (2) one of the conditions of Mainguth's parole was to abstain from the consumption of any alcoholic beverages; (3) Mainguth admits to having consumed two beers on September 16, 2003; and (4) the judge revoked Mainguth's parole because he "admitted to violation of parole Condition 10C in that he did consume alcoholic beverages on September 16, 2003." (Rec. Doc. No. 40, Ex. 1.)

If the altercation between Mainguth and Packard had never occurred, Mainguth may have violated the terms of his parole on the night of September 16, 2003 without penalty.  However, this was not to be.  Whatever else may have happened between Mainguth and Packard on the night in question is irrelevant when we consider Mainguth's claim for lost wages in light of the court's order revoking his parole on the basis of alcohol consumption.  Because Mainguth admits to having violated his parole by consuming alcoholic beverages, and because this is the sole ground upon which the Court of Common Pleas of Clinton County revoked his parole, Mainguth cannot recover wages lost during the period of his incarceration following the revocation of his parole.

Plaintiff argues that "there is no availability of new evidence, change in controlling law or need to correct an error of law that would warrant the granting of the defendant's Motion for Reconsideration." (Rec. Doc. No. 43, at 5.)  However, so long as the party seeking a reconsideration can establish "the need to correct a clear error of . . . fact," that party is entitled to relief.  See Mack's Seafood Café, 176 F.3d at 677 (citations omitted) (emphasis added).  The clear error of fact in this case was attributable to defendant's failure to include the relevant court order in its motion for partial summary judgment.  Although the court does not wish to condone such a failure, we are aware that the Federal Rules of Civil Procedure are to be "construed and administered to secure the just . . . determination of every action." Fed. R. Civ. P. 1.  By correcting the factual error here, we ensure the just determination of defendant's motion for partial summary judgment.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant Shawn Packard's Motion For Reconsideration is granted. (Rec. Doc. No. 40.)

2. That portion of the court's order dated April 27, 2006 denying defendant Packard's motion for partial summary judgment on plaintiff's claim for damages arising out of his incarceration is vacated.

(Rec. Doc. No. 33.)

3. Defendant Shawn Packard's Motion For Partial Summary Judgment is granted in part and denied in part; summary judgment will be entered for defendant Packard and against plaintiff Mainguth on the claim for damages arising from plaintiff's incarceration following the revocation of his parole. (Rec. Doc. No. 16.)

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge